# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4420 | **DATE** | 10/28/2003 |
| **CASE TITLE** | Local 710 vs. United Parcel Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/13/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Local 710's 60(a) motion (Doc 40-1) to vacate the order of final judgment is granted. Order cause reinstated. Their 59(e) motion to alter or amend judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 29 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 48 |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 03 OCT 28 PM 4:05 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL 710 I.B.T. PENSION FUND, )
)
                  Plaintiff, )
)
vs. )   02 C 4420
)
UNITED PARCEL SERVICE, INC., )
)
                  Defendant. )

**DOCKETED**
OCT 2 9 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motions of Plaintiff Local 710 I.B.T. Pension Fund ("Local 710") to vacate the entry of final judgment in this case and for reconsideration of our decision granting partial summary judgment to Defendant United Parcel Service, Inc. ("UPS"). For the reasons set forth below, the motion to vacate the September 4 entry of final judgment is granted; the motion to reconsider is denied.

Knowledge of the situation underlying the original opinion is assumed. <u>Local 710 I.B.T. Pension Fund v. United Parcel Serv., Inc.</u>, No. 02 C 4420 (N.D. Ill. Sept. 4, 2003) (memorandum opinion and order granting partial summary judgment in favor of defendant).

48

*A. Rule 60(a) Motion to Vacate*

Fed. R. Civ. Proc. 60(a) provides, in part, that a court can correct clerical mistakes in judgments. For an error to be clerical, the outcome reflected in the judgment must be inconsistent with what has been previously expressed by the court, and the inconsistency must arise exclusively from a problem with the "translation of the original meaning to the judgment." American Fed'n of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d 726, 728 (7th Cir. 1994). In other words, if the result stated in the entry of judgment is not what was actually intended by the court and indicated in the proceedings leading up to the entry of judgment, Rule 60(a) allows the mistake to be corrected without revisiting any of the bases for the intended result. See Wesco Prods. Corp. v. Alloy Auto. Co., 880 F.2d 981, 984 (7th Cir. 1989).

As indicated by this court's order of July 9, 2003, the submissions in support of and in opposition to the motion, and the text of the September 4, 2003, memorandum opinion, and the bulk of the order accompanying the opinion, the motion decided by our September 4, 2003, memorandum opinion was a motion for partial summary judgment. The sole issue presented was whether, in the context of part-time employees who were later determined to have been entitled to full-time employment while they were working only part-time, UPS could deduct contributions already made pursuant to agreements pertaining to part-time employees. Our opinion decided only that the

maximum amount UPS was required to pay for a single employee was the amount that employee could claim as a full-time employee, not the amount due for a full-time employee and a part-time employee as if the employee was two people rather than one. Thus, our opinion addressed only the proper formula to use in calculating any deficiency in contributions to the affected funds, not the resulting dollar amount and attendant fees, interest, etc. The notation on the September 4, 2003, order to the effect that the case was terminated therefore contradicts the thrust of all prior proceedings. This was a clerical error in translation of the intended result, which can be corrected by Rule 60(a). Accordingly, we vacate the entry of final judgment indicated by the September 4 order. However, this decision does not in any way address whether any deficiencies actually exist or whether Local 710 will be entitled to any of the other amounts they have claimed. Those issues have yet to be properly presented or resolved.

*B. Rule 59(e) Motion to Alter or Amend Judgment*

Rule 59(e)[1] permits parties to file, within ten days of the entry of a judgment, a motion to reconsider the judgment. Motions for reconsideration under Rule 59(e) are

---

[1] Although Local 710's motion does not refer to a specific provision of Fed. R. Civ. Proc. 59, because it was filed within 10 days of the entry of judgment, we construe it as though it were brought pursuant to subsection (e). Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995).

designed "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Principally, Local 710 argues that reconsideration is appropriate in this case because, in its view, the structure of the UPS benefit plan for part-time employees precludes any possibility of those employees being unjustly enriched through duplicate benefit payments. In relevant part, the plan provides that a part-time employee's benefits may be reduced if another UPS plan provides benefits for the same period of service. The cited language in essence relies on the same reasoning as our prior opinion: each employee receives the equivalent of only one set of benefits for any

given period of time. Contrary to Local 710's assertion, while this provision may mean that our ruling was unnecessary, it certainly does not render it faulty.

Local 710 advances four other arguments in support of their Rule 59(e) motion.[2] The second and fourth were already argued in Local 710's brief in opposition to the motion for partial summary judgment. As stated, 59(e) motions are not the place to rehash old arguments. Moro, 91 F.3d at 876. Local 710 may not agree with the outcome of our decision on these issues, but that is not a proper basis for reconsideration.

Neither has Local 710 presented a meritorious basis for reconsideration with either of the other two grounds offered in the motion. Ground one concerns the timing of the arbitrator's decision. Local 710 does not claim that we made a manifest error regarding these facts at the time of the initial decision on the partial summary judgment motion. In fact, they make no argument whatsoever as to why this time lapse has any bearing on whether UPS can offset contributions they already made for the employees in question. Ground three states that our analysis did not take into account paragraphs 5 and 9 of the First and Second Year Agreement. Again, Local 710 provides no rationale to explain why the contents of these paragraphs would have any effect on the

---

[2] Local 710's reply brief appears to advance other arguments in addition to these four, but it is axiomatic that arguments raised for the first time in a reply brief are waived. Fenster v. Tepfer & Spitz, Ltd., 301 F.3d 851, 859 (7th Cir. 2002).

issue of set-off. Undeveloped arguments, like recycled ones, are insufficient to clearly establish "manifest errors of law or fact" that could warrant relief under Rule 59(e). LB Credit, 49 F.3d at 1267. Accordingly, the motion to reconsider the grant of partial summary judgment in favor of UPS is denied.

## CONCLUSION

Based on the foregoing analysis, Local 710's 60(a) motion to vacate the order of final judgment is granted. Their 59(e) motion to alter or amend judgment is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 2 8 2003